UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-80388-DMM

LARRY KLAYMAN,

    Plaintiff,

v.

THE CLINTON FOUNDATION
a/k/a The William J. Clinton Foundation
a/k/a The Bill, Hillary, and Chelsea
Clinton Foundation, et al.,

    Defendants.
_____/

# DEFENDANT CLINTON FOUNDATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

| | |
|---|---|
| Jeffrey E. Marcus | Jamie Gorelick (*pro hac vice*) |
| MARCUS NEIMAN & RASHBAUM LLP | Jeannie Rhee (*pro hac vice*) |
| 2 South Biscayne Blvd., Suite 1750 | WILMERHALE LLP |
| Miami, FL 33131 | 1875 Pennsylvania Ave NW |
| Telephone: (305) 400-4268 | Washington, DC 20006 |
| Facsimile: (866) 780-8355 | Telephone: (202) 663-6000 |
| | Facsimile: (202) 663-6363 |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................1

BACKGROUND AND ALLEGATIONS ......................................................................................2

STANDARD OF REVIEW .............................................................................................................6

ARGUMENT ...................................................................................................................................6

I.     THE COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS .........................6

        A.     Plaintiff Has Not Demonstrated a Concrete or Cognizable Injury ..........................7

        B.     Plaintiff's Speculative Injury Is Not Redressable...................................................11

II.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED .......................................................................................................................13

        A.     Plaintiff Fails to State a Claim Under RICO .........................................................13

        B.     Plaintiff Fails to State a *Bivens* Claim ..................................................................14

        C.     Plaintiff's Claim for Misappropriation of Chattel Is Meritless..............................15

CONCLUSION..............................................................................................................................15

i

## INTRODUCTION

Plaintiff Larry Klayman's Amended Complaint is an improper attempt to bypass two Freedom of Information Act ("FOIA") actions pending against the U.S. Department of State, by suing a private entity and individuals for the very same information sought from the Department.

Plaintiff's purported injury rests on the unfounded assumption that Secretary Hillary Clinton's use of a private email address will deprive Plaintiff of documents responsive to two FOIA requests. Those requests were submitted by Freedom Watch (not Plaintiff) to the Department of State (not Defendants), and are the subject of pending federal litigation in the District of Columbia. Plaintiff now seeks to circumvent these ongoing proceedings by re-fashioning his FOIA claims into baseless racketeering allegations against Hillary Rodham Clinton and William Jefferson Clinton (the "Individual Defendants") and the Clinton Foundation. His lengthy pleading rehashes decades-old political grievances against the Individual Defendants and deliberately mischaracterizes the work and mission of the Clinton Foundation, a 501(c)(3) charity. However, Plaintiff fails to allege any facts to suggest that documents responsive to FOIA are being improperly withheld, let alone that the Foundation has played any role in causing their non-production. Plaintiff instead engages in rank speculation that some number of additional emails from a private email account may be responsive to outstanding FOIA requests and concludes that his alleged injury can be redressed by the extraordinary relief sought from this Court—seizure of a private party's email server in its entirety.[1] Plaintiff's lawsuit is a politically motivated effort to sidestep FOIA, and should be dismissed for lack of subject-matter jurisdiction.

---

[1] Plaintiff admits that he merely suspects the Foundation *may* own the private email server identified in his Amended Complaint. Am. Compl. ¶ 11.

Plaintiff fares no better with respect to the specific claims pled in his Amended Complaint. As detailed in the Motion to Dismiss filed by the Individual Defendants, Plaintiff fails to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968.[2] And without a constitutional right to or property interest in Secretary Clinton's emails, his *Bivens* and state-law misappropriation claims fail as a matter of law. Accordingly, in the unlikely event the Court concludes Plaintiff has established subject-matter jurisdiction, the Amended Complaint should be dismissed for failure to state a claim.

## BACKGROUND AND ALLEGATIONS

Plaintiff filed this lawsuit on March 24, 2015 claiming, *inter alia*, that Defendants "unlawfully withheld documents to which Plaintiff was entitled" under FOIA. Am. Compl. ¶ 12.[3] His suit names as Defendants the Individual Defendants, as well as the Clinton Foundation.

The Clinton Foundation is a 501(c)(3) charitable organization that convenes businesses, governments, NGOs, and individuals to improve global health and wellness, increase opportunity for women and girls, reduce childhood obesity, create economic opportunity and growth, and help communities address the effects of climate change.[4]

Plaintiff's 54-page Amended Complaint levels a host of fatuous accusations against the Foundation, but the gravamen of his lawsuit is the allegation that Defendants "operated a covert enterprise of trading political favors and government acts in exchange for donations, which are in

---

[2] The Clinton Foundation joins the Motion of the Individual Defendants to dismiss Plaintiff's Amended Complaint for failure to state a claim under Rule 12(b)(6), and hereby incorporates by reference Parts II, III, and IV of that Motion and Incorporated Memorandum of Law.

[3] On May 29, 2015, the Court granted Plaintiff's Motion to Amend the Complaint and instructed Plaintiff to file the Amended Complaint by June 2, 2015. (Docket No. 39). As of the time of the filing of this Motion, Plaintiff has not filed the Amended Complaint. References to the "Amended Complaint" in this Motion are to the proposed Amended Complaint attached to Plaintiff's Motion to Amend. (Docket No. 32-1). Plaintiff's failure to file his Amended Complaint by the deadline set by the Court constitutes procedural default and independently warrants dismissal of this case. *See* Fed. R. Civ. P. 41(b).

[4] *See* Clinton Foundation, *History*, https://www.clintonfoundation.org/about.

2

effect bribes." Am. Compl. ¶ 13. Plaintiff alleges that Secretary Clinton used a personal email account hosted on a non-government server during her tenure as Secretary of State to conduct this scheme. *Id.* ¶ 14. As a result, he claims that Secretary Clinton's government emails were not available to be searched and produced in response to FOIA requests. *Id.* ¶¶ 13; 42–43; 48. Plaintiff's Amended Complaint fails to plead any facts indicating that the Foundation established, had any ownership interest in, or control over, said email server. Rather, Plaintiff simply speculates that "the server was established in part for the use of Defendant [t]he Clinton Foundation," and that "Defendant [t]he Clinton Foundation *may* own the server in whole or in part." *Id.* ¶ 11 (emphasis added).

Plaintiff's claims are premised on two FOIA requests submitted by Freedom Watch, Inc. and directed to the U.S. Department of State, among other agencies.[5] *Id.* ¶¶ 34–41. The first FOIA request detailed in Plaintiff's Amended Complaint seeks all documents relating to final decisions by the State Department to grant waivers under the Comprehensive Iran Sanctions, Accountability, and Divestment Act to do business with the Islamic Republic of Iran. *See id.* ¶ 34; *see also Freedom Watch, Inc. v. Dep't of State*, No. 14-1832 (JEB), --- F. Supp. 3d ----, 2015 U.S. Dist. LEXIS 2113, at *1 (D.D.C. Jan. 8, 2015), *appeal filed*, D.C. Cir. Feb 20, 2015. Freedom Watch filed suit in federal court, challenging the adequacy of the State Department's search for responsive records. The court denied the challenge, finding that Freedom Watch's arguments "border[ed] on the frivolous." *Id.*

---

[5] The Amended Complaint incorrectly asserts that "Plaintiff initially signed *and requested*, pursuant to FOIA, the records set forth with regard to the two FOIA requests at issue here." Am. Compl. ¶ 15 (emphasis added). Both FOIA requests were submitted by Freedom Watch. *See Freedom Watch, Inc. v. Nat'l Security Agency*, Case No. 14-5174 (D.C. Cir. 2015); *Freedom Watch, Inc. v. Dep't of State*, Case No. 15-5048 (D.C. Cir. 2015).

The second FOIA request identified in the Amended Complaint seeks documents related to a *New York Times* article describing "efforts to sabotage Iran's nuclear weapons development programs. . . ." Am. Compl. ¶ 39; ¶¶ 38, 40–41; *Freedom Watch, Inc. v. Nat'l Sec. Agency*, 49 F. Supp. 3d 1, 3 (D.D.C. 2014), *aff'd and remanded*, 783 F.3d 1340 (D.C. Cir. Apr. 24, 2015). Freedom Watch sued the State Department, challenging the adequacy of its search for responsive records. The District Court granted summary judgment to the Department. *See Freedom Watch, Inc.*, 49 F. Supp. 3d at 9.

Freedom Watch has appealed both rulings to the U.S. Court of Appeals for the D.C. Circuit. *See Freedom Watch, Inc. v. Nat'l Security Agency*, Case No. 14-5174 (D.C. Cir. 2015); *Freedom Watch, Inc. v. Dep't of State*, Case No. 15-5048 (D.C. Cir. 2015). In December 2014, and while the first appeal was pending, Secretary Clinton provided the State Department a copy of all emails from her personal email account that were related or potentially related to her work as Secretary of State. *See* Am. Compl. ¶ 60. Secretary Clinton produced a copy of these 30,490 emails in response to a request from the Department to former Secretaries of State for any copies of government records in their possession. *See* Pl.'s Ex. B to Mtn. for Reattachment, at 2 (Docket No. 9-2).

The State Department indicated in both appeals that it plans to review the emails provided by Secretary Clinton and search them to determine if any are responsive to Freedom Watch's FOIA requests. *See Freedom Watch, Inc. v. Nat'l Security Agency*, Case No. 14-5174, Op., at 6 (D.C. Cir. 2015); *Freedom Watch, Inc. v. Dep't of State*, Case No. 15-5048, Opp. to Pl.'s Order to Show Cause, at 1-2 (D.C. Cir. 2015).[6] Further, the State Department has

---

[6] A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). A district court may therefore take judicial notice of documents from

4

committed to making the documents public by posting them on a Department website. *Id.* Following the State Department's announcement, the D.C. Circuit remanded the first appeal to the district court to oversee the Department's review and search of these records. The parties filed a status report in that case on May 29, 2015, indicating that the Department is loading the documents into a word searchable database and that the parties are negotiating applicable search terms. *See Freedom Watch, Inc. v. Nat'l Security Agency*, No. 1:12cv01088 (Docket No. 33). The other appeal remains pending in the D.C. Circuit. *See Freedom Watch, Inc. v. Dep't of State*, Case No. 15-5048 (D.C. Cir. 2015). The State Department has asked the court to continue holding the appeal in abeyance pending completion of the State Department's review of the emails provided by Secretary Clinton. *Id.* (Docket No. 1553769).

Notwithstanding the State Department's ongoing review of Secretary Clinton's emails and the agency's commitment to production, Plaintiff claims that Defendants "conspired to violate FOIA and other laws" through an "ongoing criminal enterprise." Am. Compl. ¶ 245. According to Plaintiff, Defendants' criminal racketeering caused him to suffer "loss of valuable property, financial services and support, and . . . other business and pecuniary damages." *Id.* ¶ 288. Plaintiff also claims that Defendants violated his right to life, liberty, and property under the Fifth Amendment, *id.* ¶¶ 306–308; deprived him of his First Amendment right to freedom of speech and association by withholding documents requested under FOIA, *id.* ¶ 310; and misappropriated his personal property, *id.* ¶ 281.

Plaintiff asks this Court to order Defendants—none of whom is a federal agency subject to FOIA—to produce "any and all non-exempt records responsive to Plaintiff's FOIA requests,

---

another lawsuit, which are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Fed. R. Evid. 201(b); *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (per curiam).

5

and a *Vaughn* index of any responsive records withheld under claim of exemption." *Id.*, Prayer for Relief, at 63.  He also requests appointment by the Court of a forensic expert to review the email server.  *See id.*  Plaintiff further seeks, *inter alia*, compensatory and actual damages, punitive damages, treble damages under RICO, and attorneys' fees.  *Id.*

## STANDARD OF REVIEW

Defendants move for dismissal of the Amended Complaint for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6).  When a party seeks dismissal based on the facial inadequacies of the complaint, a motion under Rule 12(b)(1) is treated like a Rule 12(b)(6) motion.  *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  Under that standard, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  To be plausible, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although well-pled factual allegations are assumed to be true for these purposes, *id.*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I. THE COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS

Plaintiff's attempt to shoe-horn pending FOIA claims into a purported RICO action fails for lack of subject-matter jurisdiction.  His allegations, even when taken as true and viewed in the light most favorable, do not identify "(1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision."  *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1228 (11th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61

6

(1992)).  As a result, Plaintiff's Amended Complaint does not present a justiciable case or controversy under Article III of the Constitution.

Plaintiff maintains that he has not received records to which he is entitled under FOIA. *See* Am. Compl. ¶¶ 12–13.  Freedom Watch, however, is currently pursuing its FOIA claims against the State Department in two separate lawsuits, and the agency has committed to make reasonable efforts to identify any responsive email communications from the documents Secretary Clinton provided, and to produce such responsive emails.  Plaintiff's claim that he is being denied communications potentially responsive to FOIA is wholly speculative, and cannot constitute "demonstrable, particularized" injury for purposes of Article III.  *Cone Corp. v. Fla. Dep't of Transp.,* 921 F.2d 1190, 1204 (11th Cir.1991) (internal citation omitted).  This Court should not entertain Plaintiff's farfetched theories that additional documents responsive to FOIA exist, nor should it "imagine . . . an injury sufficient to give plaintiff standing when [he] has demonstrated none."  *Miccosukee Tribe*, 226 F.3d at 1229–30.  Moreover, Plaintiff's alleged FOIA injury is not redressable by the relief he seeks.  This Court cannot order Defendants—a private entity and individuals—to produce documents under FOIA, and Plaintiff has not alleged any pecuniary injury redressable by money damages.

### A.     Plaintiff Has Not Demonstrated a Concrete or Cognizable Injury

Plaintiff's subjective belief that he is being deprived of documents responsive to FOIA does not constitute a "concrete or particularized injury" sufficient to confer Article III standing. *Ga. State Conference of NAACP Branches v. Cox*, 183 F.3d 1259, 1262 (11th Cir. 1999); *see also Lujan*, 504 U.S. at 560 (defining injury as the invasion of a legally protected interest that is sufficiently concrete and particularized rather than abstract and indefinite).

FOIA provides a comprehensive statutory scheme for private parties to obtain responsive, non-exempt records from a federal agency when certain requirements have been met.  *See* 5

U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980). Federal agencies fulfill their statutory obligations under FOIA by conducting a search that is "reasonably calculated to uncover all relevant documents." *Ray v. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990), *rev'd on other grounds*, *Dep't of State v. Ray*, 502 U.S. 164 (1991); *see also Bory v. U.S. R.R. Ret. Bd.*, 933 F. Supp. 2d 1353, 1358–59 (M.D. Fla. 2013) (the adequacy of the search is judged by a standard of reasonableness). An agency's failure to "turn up a particular document, or mere speculation that as yet uncovered documents might exist," does not undermine the adequacy of an agency's search. *Wilbur v. CIA*, 355 F.3d 676, 678 (D.C. Cir. 2004). In short, FOIA requires the State Department to conduct a search reasonably calculated to identify responsive documents and to produce responsive documents subject to applicable exemptions. *See Bory*, 933 F. Supp. 2d at 1358–59.

Consistent with the requirements of the statute, the State Department is searching its records for documents responsive to both of the FOIA requests identified in Plaintiff's Amended Complaint.[7] Moreover, Secretary Clinton has provided the State Department with all of her work-related or potentially work-related email communications and the agency has committed to reviewing those communications and making them available to Freedom Watch and to the public. *See Freedom Watch, Inc. v. Nat'l Security Agency*, Case No. 14-5174, Op., at 6 (D.C. Cir. 2015); *Freedom Watch, Inc. v. Dep't of State*, Case No. 15-5048, Opp. to Pl.'s Order to Show Cause, at 1–2 (D.C. Cir. 2015). Even if Plaintiff could claim injury resulting from the

---

[7] Both of the district courts that reviewed the searches previously conducted in response to the FOIA requests submitted by Freedom Watch concluded those searches were reasonable. *Freedom Watch, Inc.,* 49 F. Supp. 3d at 6 (D.D.C. 2014) (finding that Plaintiff offered "speculative, unsupported assertions" that did not call into question the adequacy of the State Department's search); *Freedom Watch, Inc.*, 2015 U.S. Dist. LEXIS 2113, at *9 (noting that State "easily cleared the bar for an adequate search" and the fact that no responsive document was located did not "cast doubt on the search's comprehensiveness").

8

agency's withholding of records subject to FOIA, notwithstanding that he is not the FOIA requester (he cannot),[8] no such injury has occurred. In any event, and as discussed further below, any such claim must be brought under FOIA against the State Department—not under RICO, *Bivens*, or the Constitution against a private entity or individuals.

To the extent Plaintiff's alleged injury rests on Secretary Clinton's decision not to retain her personal, non-work-related emails, Am. Compl. ¶¶ 61–62, 65, those personal documents were never within the scope of FOIA or the Federal Records Act. *See*, *e.g.*, *Kissinger*, 445 U.S. at 157 (rejecting the argument that would render "Kissinger's personal books, speeches, and all other memorabilia stored in his office . . . agency records subject to disclosure under [] FOIA"); *Bureau of Nat'l Affairs, Inc. v. U.S. Dep't of Justice*, 742 F.2d 1484, 1496 (D.C. Cir. 1984) (holding that appointment calendars for DOJ Assistant Attorney General were not subject to FOIA because they "were created for the personal convenience of individual officials so that they could organize both their personal and business appointments"); 36 C.F.R. § 1220.18 (2014) ("[p]ersonal files" are not federal records under the Federal Records Act). And any suggestion that additional records that are subject to FOIA may exist is wholly speculative, and should not be indulged. *See SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (finding the Court should disregard "[m]ere speculation that as yet uncovered documents may exist"); *see*

---

[8] Plaintiff also lacks standing because he did not submit either of the FOIA requests at issue in the Amended Complaint. Freedom Watch—not Plaintiff—requested the documents detailed in the Amended Complaint and subsequently filed suit to compel the State Department to release responsive documents. *See Freedom Watch, Inc.*, 49 F. Supp. 3d at 3; *Freedom Watch, Inc.*, 2015 U.S. Dist. LEXIS, at *1. Any alleged harm asserted in the Amended Complaint was suffered by Freedom Watch, the named requester associated with both FOIA requests, and not by Plaintiff. *See Wingate v. Dep't of Homeland Security*, No. 8:11-cv-223-T-33AEP, 2012 U.S. Dist. LEXIS 75270, at *5 (M.D. Fla., May 31, 2012) (holding that individual plaintiffs lacked standing, even though plaintiffs' attorney submitted the FOIA request in a representative capacity) (citing *Cherry v. Fed. Commc'ns Comm'n*, 8:09-cv-680-T-33EAJ, 2009 U.S. Dist. LEXIS 112276 (M.D. Fla. Dec. 3, 2009)).

9

*also Anderson v. City of Alpharetta*, 770 F.2d 1575, 1582 (11th Cir. 1985) (per curiam) (affirming district court's holding that "[i]t is not the role of the court to speculate concerning the existence of standing nor to piece together support for the plaintiff"); *Pavlenko v. IRS*, No. 08-61534, 2009 U.S. Dist. LEXIS 46885, at *6 (S.D. Fla. Apr. 1, 2009) (concluding the court lacked subject-matter jurisdiction given that the plaintiff "has nothing other than speculation" that the Secret Service could have attempted additional avenues to search for requested documents). The hypothetical injury asserted in Plaintiff's Amended Complaint is far from sufficient to establish jurisdiction.

Finally, Plaintiff incorrectly contends that the improper withholding of records under FOIA is a constitutional injury attributable to the Foundation and the Individual Defendants. *See* Am. Compl. ¶¶ 3, 16. Courts have uniformly rejected the assertion that lack of access to government information constitutes the deprivation of a constitutionally protected property right. *See*, *e.g.*, *Foto USA, Inc. v. Bd. of Regents of Univ. Sys. of Fla.*, 141 F.3d 1032, 1035 (11th Cir. 1998); *see also Cuban Am. Bar Ass'n, Inc. v. Christopher*, 43 F.3d 1412, 1430 (11th Cir. 1995). Furthermore, statutory rights under FOIA do "not enjoy substantive due process protection." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 n.4 (11th Cir. 2009) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994)). Plaintiff therefore cannot claim a constitutionally protected interest in any records he has requested under FOIA. *See*, *e.g.*, *Trentadue v. Integrity Committee*, 501 F.3d 1215, 1236–37 (10th Cir. 2007) (holding that plaintiff failed to demonstrate a life, liberty, or property interest in materials requested under FOIA).[9] Because Plaintiff's interest in the documents identified in his Amended Complaint is

---

[9] Federal courts have similarly held that states' public disclosure laws do not give rise to a liberty or property interest under the Due Process clause. *See*, *e.g.*, *Dudgeon v. Richards*, 442 F. App'x 267, 267 (9th Cir. 2011) (affirming dismissal of due process claim arising out of defendants'

10

"statutory, rather than constitutional in nature," his claims must be pursued under FOIA against the Department of State. *Christensen v. United States*, No. 5:11cv321, 2013 U.S. Dist. LEXIS 120599, at *38 (E.D. Ky. Aug. 26, 2013). The constitutional rights upon which Plaintiff purports to rely do not permit him to assert an alleged FOIA injury against the Foundation and the Individual Defendants here.

### B. Plaintiff's Speculative Injury Is Not Redressable

The only harm alleged in Plaintiff's Amended Complaint is the State Department's purported non-production of documents responsive to two FOIA requests. Accordingly, any remedy for Plaintiff's alleged FOIA injuries lies with the State Department, in the two actions proceeding in the District of Columbia.

Plaintiff has unsuccessfully attempted to re-purpose his FOIA claims into a civil RICO action against private defendants. This is evidenced by the fact that Plaintiff asks this Court to order Defendants to "produce any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption." Am. Compl., Prayer for Relief, at 63. This type of relief is available only under FOIA, which provides a cause of action against government agencies, *not* private entities and individuals. *See* 5 U.S.C. § 552(a)(3)(A); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (FOIA does not "create[] a cause of action for a suit against an individual employee of a federal agency"); *Mantilla v. Dep't of State*, No. 12-21109, 2013 U.S. Dist. LEXIS 13917, at *9 (S.D. Fla. Feb. 1, 2013) (dismissing individual defendants from FOIA lawsuit and holding the State Department

---

response to detainee's public disclosure request); *Hulshof v. Jurkas*, No. 4:05-cv-152, 2006 U.S. Dist. LEXIS 101440, at *6 (W.D. Mich. Sept. 25, 2006) (dismissing due process claim based on denial of request for information made pursuant to Michigan's FOIA law); *O'Bradovich v. Village of Tuckahoe*, 325 F. Supp. 2d 413, 432 (S.D.N.Y. 2004) (holding that the denial of plaintiff's requests under New York's Freedom of Information Law was insufficient to state a Fourteenth Amendment due process claim because the law did not give rise to a protectable property interest).

was only proper defendant in FOIA action); *Rush v. Dep't of State*, 716 F. Supp. 598, 600 (S.D. Fla. 1989) (District courts may "enjoin the *agency* from withholding *agency records* and . . . order the production of any agency records improperly withheld from the complainant.") (emphasis in original).

Plaintiff also asks that a forensic computer expert take immediate possession of the computer file server allegedly maintained by Secretary Clinton. Am. Compl. ¶ 72. This request impermissibly seeks to circumvent the FOIA process by demanding information from a private entity and individuals. Moreover, Plaintiff provides no support for his speculative belief that seizure of the email server would uncover documents responsive to FOIA. The requested relief is therefore unlikely to address Plaintiff's alleged injury. *See Kawa Orthodontics, LLP v. Dep't of the Treasury*, 773 F.3d 243, 247 (11th Cir. 2014) (To demonstrate redressability, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") (internal quotation omitted).[10]

Finally, Plaintiff seeks $5 million in compensatory damages, over $100 million in punitive damages, and treble damages under RICO. Am. Compl., Prayer for Relief, at 63. Plaintiff has alleged no financial harm as a result of his claimed failure to receive documents under FOIA, and the damages he seeks would not redress his purported injury. *See DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) (explaining plaintiff lacked standing where the complaint did not "suggest in any way how [the] 'injury' could be redressed

---

[10] Separately, Plaintiff fails to identify the role the Clinton Foundation played in causing his alleged FOIA injury, beyond stating his unsupported belief that "the server was established in part for the use of Defendant [t]he Clinton Foundation and Defendants Bill Clinton and Hillary Clinton. Defendant [t]he Clinton Foundation and Defendant Hillary Clinton *may* own the server in whole or in part." Am. Compl. ¶ 11 (emphasis added). And Plaintiff pleads no facts to suggest that the Foundation has access to the email server. Plaintiff cannot seek any relief from the Foundation that would redress his alleged lack of access to documents under FOIA.

12

by a favorable judgment"). In fact, FOIA does not provide a cause of action for damages. *See* 552 U.S.C. § 552(a)(4)(B). Under FOIA, a plaintiff can only seek injunctive relief to compel the agency to release responsive, non-exempt records. *See Pavlenko v. IRS*, No. 08-61534, 2009 U.S. Dist. LEXIS 46885, at *2 (S.D. Fla. Apr. 1, 2009) (citing *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 777 (D.C. Cir. 2002)). Plaintiff's Amended Complaint thus fails for lack of redressability.

The Constitution limits the jurisdiction of the federal courts to "[c]ases" and "controversies," *see* U.S. art. III § 2, and Plaintiff's speculative FOIA injury does not suffice. The Amended Complaint should be dismissed for lack of subject-matter jurisdiction.

## II.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Setting aside Plaintiff's failure to allege subject-matter jurisdiction, each of his individual causes of action also fails to state a claim upon which relief may be granted. The reasons for dismissal under Fed. R. Civ. P. 12(b)(6) are explored in detail at Parts II, III, and IV of the Motion to Dismiss filed by the Individual Defendants, and incorporated herein by reference.

### A.   Plaintiff Fails to State a Claim Under RICO

Plaintiff accuses Defendants of "intend[ing] to operate a covert enterprise of trading political favors and governmental acts in exchange for donations" to the Clinton Foundation. Am. Compl. ¶ 13. But his Amended Complaint offers not a single fact to support this spurious accusation, or to corroborate his allegation that Defendants "conspired to violate FOIA and other laws." Am. Compl. ¶ 245. As the Individual Defendants make clear, Plaintiff does not have standing under RICO, and he cannot plausibly allege that Defendants engaged in any racketeering activity. Further, Plaintiff has not even attempted to identify the RICO "enterprise" with which Defendants are affiliated.

### B. Plaintiff Fails to State a *Bivens* Claim

Plaintiff also fails to bring a viable *Bivens* action against the Clinton Foundation because such claims are not permitted against private entities. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against *federal officers* alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, (2001) (emphasis added). The Court has extended *Bivens* only in limited, narrow instances, which do not apply here, and has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Id.* at 68, 70 (noting the purpose of *Bivens* "is to deter individual federal officers from committing constitutional violations").

In keeping with these principles, no *Bivens* action lies against a private entity alleged to act unconstitutionally under color of federal law. *See*, *e.g.*, *id.* (refusing to extend *Bivens* to private entities acting under color of federal law); *Sabeta v. Baptist Hosp. of Miami, Inc.*, 410 F. Supp. 2d 1224, 1245 (S.D. Fla. 2005) (finding no implied cause of action under *Bivens* for private hospital's alleged violations of the plaintiff's constitutional rights). Plaintiff does not dispute that the Clinton Foundation is a 501(c)(3), non-governmental, not-for-profit entity. Nor does Plaintiff maintain that the Clinton Foundation has acted under color of federal law. Therefore, no cognizable claim against the Foundation may stand under *Bivens*.[11]

---

[11] The Individual Defendants' Motion to Dismiss and Incorporated Memorandum of Law provides further support for dismissal of Plaintiff's *Bivens* claims. For the reasons discussed *supra* Part I, Plaintiff does not have a constitutional right to the records he seeks under FOIA. Further, the federal courts have recognized that FOIA's comprehensive scheme precludes a private right of action under *Bivens*. *See, e.g.*, *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *Smith v. Lopez*, No. 2:13-cv-0892, 2014 U.S. Dist. LEXIS 179789, at *7 (D. Nev. Dec. 29, 2014); *Franklin v. Drug Enforcement Agency*, No. CV 14-3701, 2014 U.S. Dist. LEXIS, at *7 (C.D. Cal. June 30, 2014) (same).

14

### C.      Plaintiff's Claim for Misappropriation of Chattel Is Meritless

Plaintiff has failed to state a claim for misappropriation of chattel—a cause of action that does not appear to exist under Florida law.  Plaintiff also cannot assert a claim for civil theft or conversion under Florida law insofar as he has no ownership interest in Secretary Clinton's emails.  *See Prou v. Giarla*, No. 13-24266-CIV, --- F. Supp. 3d ----, 2014 U.S. Dist. LEXIS 168036, at *25–26 (S.D. Fla. Nov. 26, 2014).  For the reasons set forth in the Motion to Dismiss filed by the Individual Defendants, Plaintiff's state law cause of action warrants dismissal.

### CONCLUSION

For the foregoing reasons and the reasons set forth in the Individual Defendants' Motion to Dismiss and Incorporated Memorandum of Law, the Amended Complaint should be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.

Date:  June 5, 2015

        Respectfully submitted,

WILMERHALE LLP
/s/ Jamie S. Gorelick
Jamie S. Gorelick
DC Bar No. 913384 (admitted *pro hac vice*)
jamie.gorelick@wilmerhale.com
Jeannie S. Rhee
DC Bar No. 464127 (admitted *pro hac vice*)
jeannie.rhee@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone: (202) 663-6000
Facsimile:  (202) 663-6363

MARCUS NEIMAN & RASHBAUM LLP
/s/ Jeffrey E. Marcus
Jeffrey E. Marcus
Fla. Bar No. 310890
jmarcus@mnrlawfirm.com

>2 South Biscayne Blvd., Suite 1750
>Miami, FL 33131
>Telephone: (305) 400-4268
>Facsimile: (866) 780-8355
>
>*Attorneys for the Clinton Foundation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss and Incorporated Memorandum of Law was served via CM/ECF, on June 5, 2015, on all counsel or parties of record.

/s/ Jeffrey E. Marcus
JEFFREY E. MARCUS